DALTON ADDING MACH. CO. v. STATE CORPORATION COMMISSION
OF COMMONWEALTH OF VIRGINIA et al.

(District Court, E. D. Virginia. March 31, 1913.)

1. INJUNCTION (§ 85*)—ENJOINING LEGAL PROCEEDINGS.

Code Supp. Va. 1910, § 1104, requires foreign corporations, doing business in the state, to file with the Corporation Commission a written power of attorney appointing an agent upon whom process may be served, copies of their charter and a certificate of the Auditor of Public Accounts showing the payment of the fee required to be paid by such corporations, and to obtain a certificate of authority from the Commission to transact business in the state. Section 1105 provides that any such corporation transacting business without such certificate of authority shall be fined not less than $10 or more than $1,000 by the Commission, and that its officers, agents, and employés shall be personally liable for the fine and for claims against the corporation. The statute also provides for appeals from judgments and decrees of the Commission. Held that, as injunctions are granted on the theory that complainant is about to suffer irreparable injury and is without a complete and adequate remedy at law, and as there is ample provision for a judicial determination of a corporation's liability by the Commission and by the Supreme Court of Appeals of the state, and if there is a constitutional question involved, by the Supreme Court of the United States, the Corporation Commission would not be enjoined in advance of proposed action on its part from taking proceedings to enforce the statute against a corporation claiming to be doing only an interstate business, since, to grant such relief, it would be necessary to determine in advance that the Commission would not give such corporation a fair and impartial hearing.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 155, 156; Dec. Dig. § 85.*]

2. CORPORATIONS (§ 636*)—FOREIGN CORPORATIONS—POWER TO REGULATE.

A state legislature may require foreign corporations, engaged in business in the state, to take out a license and pay a license fee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2505–2509, 2571; Dec. Dig. § 636.*]

In Equity. Suit by the Dalton Adding Machine Company against the State Corporation Commission of the Commonwealth of Virginia, and the members thereof. On motion for a preliminary injunction. Denied.

Thomas A. Banning, of Chicago, Ill., for complainant.

Samuel W. Williams, Atty. Gen., and Richard B. Davis, Asst. Atty. Gen., for defendants.

Before PRITCHARD, Circuit Judge, and WADDILL and ROSE, District Judges.

PRITCHARD, Circuit Judge. This is a motion for a preliminary or interlocutory injunction made in pursuance of section 266 of the New Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]).

The bill alleges that complainant is a corporation organized and existing under and by virtue of the laws of the state of Missouri; that it is a citizen and resident of that state, with its principal office in Poplar Bluff; that it has been engaged in the business of manufacturing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and selling what is known as adding, listing, and calculating machines; that it has spent more than $1,000,000 in experimental work, the building of a factory, the construction, purchase, and installation of special tools, machinery, etc., and has at all times been engaged in interstate commerce; that it has not in any manner conducted or carried on its business outside of the state of Missouri; that it has sold its machines through salesmen or solicitors, who are merely "drummers" authorized to solicit orders for, or proposals to purchase, its machines, has appointed a salesman or solicitor in the state of Virginia for the purposes aforesaid; that only sales have been made by virtue of his personal solicitation or of those employed to assist him in securing orders; that the said salesman is located at Richmond, Va.; that he is not a clerk or employé of the complainant, and is not paid a fixed compensation or salary, but rents his own office, bears his own expense, pays salary or commission to those employed to assist him, and that his only compensation being on sales effected and collections made; "that neither he nor those working under him have power to actually sell a machine or convey title thereto, and that he has not sold or conveyed title to any machine, and that his power and the power of those whom he employs is expressly limited to merely soliciting orders or proposals to purchase machines, which orders are taken on printed blanks or forms furnished him by complainant, which forms contain, and have always contained, the words, 'This order subject to approval of the company,' which orders amount only to an offer or proposition to purchase a machine, on the part of the person, firm, company, or corporation desiring to buy; that, after such offers or proposals are signed by the party desiring to purchase a machine, they are sent by the solicitor or salesman to the home office of your orator at Poplar Bluff, Mo., for approval and acceptance; that your orator thereupon considers the offers or proposals to purchase, and has accepted some and has rejected some sent to your orator by its salesman or solicitor from Virginia and other states, as your orator has found the terms of payment, the responsibility of the purchaser, and similar matters satisfactory or otherwise; that all checks and moneys are likewise forwarded to the home office of your orator at Poplar Bluff, Mo., and the commission due the salesman or solicitor in Virginia, as well as in other states, are paid by your orator from time to time from its home office in Missouri, as collections are received; that in no case is any title vested in the prospective purchaser in or to the machine which he is proposing to buy, but the same remains the property of your orator until your orator has accepted the offer or proposal and received the money in full therefor."

It is not alleged that the Corporation Commission of Virginia has required plaintiff to pay any license tax, or that any fines have been imposed upon it for violation of the statute, nor does it appear that any summons has been issued against plaintiff to show cause why it should not be proceeded against for violation of the statute.

The principal ground relied upon for relief is based upon the allegation that the State Corporation Commission has threatened to begin a suit or take proceedings against complainant to enforce the provisions of the statute to which reference is made. In other words, that the chairman of the Commission has intimated that the plaintiff's meth-

od of transacting business brings it within the purview of the statute, and that under the law it is required to take out a license and pay a license fee.

[1] The section of the Virginia Acts relating to this subject is to be found in the Virginia Code, annotated Supplement 1910, and is in the following language:

"Sec. 1104. Every company to keep an office in this state for payment of claims to residents; foreign company to appoint agent on whom process may be served; copy of charter, with power of attorney, to be filed, etc.; license; fees. Every incorporated company doing business in this state shall have an office in the state, at which all claims against the company due residents of the state may be audited, settled and paid. Every such company incorporated under a jurisdiction beyond the limits of this state (and hereinafter designated as a foreign corporation) shall, before doing business in this state, present to the State Corporation Commission (a) a written power of attorney, executed in duplicate, appointing some person residing in this state its agent, upon whom all legal process against the corporation may be served, and who shall be authorized to enter an appearance in its behalf; (b) two duly authenticated copies of the charter of the corporation; (c) a certificate of the auditor of public accounts, showing the payment into the treasury of the fee required by law to be paid by such corporation, and shall obtain from said Corporation Commission a certificate of authority to transact business in the state. If it shall be made to appear to the State Corporation Commission that said corporation has complied with the law relative to the obtaining of a certificate of authority for foreign corporations of the character of the applicant corporation, then said Corporation Commission shall issue to said corporation a certificate of authority to transact business in the state. Said Commission shall file and preserve in their office one copy each of the power of attorney, charter, certificate of the auditor, and a certificate of the Commission granting such certificate of authority, and forward copies of said documents to the secretary of the commonwealth, who shall file and preserve the same in his office. Whenever by reason of his removal from the state or from any other cause the powers of such resident agent shall be terminated, then such foreign corporation shall by like written power of attorney, executed in duplicate and filed with the Corporation Commission as above provided, appoint another resident agent; one copy of such power of attorney shall be filed and preserved in the office of the Corporation Commission, and the other copy thereof transmitted to the secretary of the commonwealth to be filed in his office. If the charter of any foreign corporation thus authorized to transact business in this state is amended, two duly authenticated copies of such amendment shall be presented to the Corporation Commission and filed as copies of the original charter are required to be filed, and the fee required by law on such amendment shall be paid in the manner prescribed by law. Any foreign corporation which has heretofore paid the fee required by law to entitle it to transact business in this state, and has otherwise complied with the law heretofore existing relative thereto, shall not, on application for certificate of authority to transact business in this state, be required to pay such fee again, nor to file a copy of the charter with the secretary of the commonwealth, if a copy thereof is already on file in his office. Such corporation shall pay the clerical fees for such certificate of authority and for filing such papers as prescribed by law."

Penalties for the enforcement of the above provision to compel foreign corporations to enter the state and take a license or authority to do business within the state by a provision reading as follows:

"Sec. 1105. License; penalty for doing business without, agents personally liable. * * * If any foreign corporation shall transact business in this state without first obtaining such certificate of authority provided for in the preceding section, it shall be fined not less than ten dollars nor more than one thousand dollars, such fine to be imposed by the State Corporation Commis-

sion, whose duty it shall be to see that the provisions of the preceding section are complied with. Every transaction had in the state by such a corporation without such certificate of authority shall be deemed a separate offense. The officers, agents and employés of any such corporation doing business in this state without such certificate of authority shall be personally liable to the state for any fines imposed on it, and to any resident of the state having a claim against such corporation, and service of legal process upon any of said officers, agents or employés shall be deemed sufficient service on the corporation."

[2] That the Legislature of Virginia had the power to pass an act requiring foreign corporations engaged in business in that state to take out a license and pay a license fee therefor is too well settled to require a discussion of that question, but we do not understand that complainant challenges the right of the Legislature to enact a law of this character. The only reference contained in the bill which intimates that this act is unconstitutional is as follows:

"And especially by the third clause of section 8 of article 1 of the Constitution of the United States, which provides that Congress shall have the power, 'To regulate commerce with foreign nations, and among the several states, and with the Indian Tribes'; that to enforce the above provisions of the Virginia statute against your orator will be, and is in violation of the above provisions of the Constitution of the United States; and that the above provision of the statute of the state of Virginia, when construed, or employed, or attempted to be construed or employed so as to prevent, interrupt, trouble, molest, or in any way interfere with your orator in carrying on its business as aforesaid is void and of no force and effect whatsoever, being contrary to the provisions of the Constitution of the United States."

It will be observed that it is not the contention of complainant that the statute in question is unconstitutional, but it is insisted that the statute may be enforced in such a manner as to deny complainant a right guaranteed by the interstate commerce clause of the Constitution of the United States. Therefore it will be seen that the principal point relied upon as ground for relief is that the Corporation Commission may so construe the acts and conduct of complainant as to bring it within the purview of the statute.

It is urged that, inasmuch as complainant is a foreign corporation engaged in selling and disposing of interstate shipments, it is not subject to hindrance or interference by taxation or otherwise by the laws of Virginia, and that the action of the chairman of the State Corporation Commission, in threatening to institute suit for the purpose of testing the question as to complainant's liability, is in the nature of a hindrance or interference with complainant in the transaction of its business, and that therefore it is the duty of this court, in advance of a trial by the state tribunal upon the facts alleged, to assume that the State Corporation Commission will so construe the Virginia statute as to disregard the provisions of the interstate commerce clause of the Constitution of the United States. There is nothing on the face of this statute to indicate that it is unconstitutional, nor do we believe that there is anything contained therein that is in conflict with the interstate commerce clause of the Constitution of the United States, and certainly there does not appear therein anything to show an intent to prevent by excessive penalties a foreign corporation from contesting its liability thereunder. Injunctions are granted upon the theory that com-

plainant is about to suffer irreparable injury, and that he is without a complete and adequate remedy at law. In this instance ample means are afforded by the state statute by which the question as to the liability of the complainant may be determined by a competent tribunal.

If proceedings should be instituted by the Corporation Commission, it would be for that body to determine upon the facts as to whether the complainant, as a foreign corporation, has been doing business in the state. If it then appears that the complainant has not made any sales of machines except those of an interstate character, it could not be held liable. There is a provision in the statute which authorizes an appeal from any of the judgments or decrees of the Corporation Commission, and if, after a hearing, that body should be of opinion that the complainant was liable for the penalties imposed by the statute, it would have the right to take an appeal to the Supreme Court of Appeals of the state, and, if that court should affirm the judgments of the Commission, complainant, upon a proper showing, would be still afforded an opportunity to carry the case to the Supreme Court of the United States.

The liability of the complainant in the event proceedings should be instituted against it would necessarily depend upon the facts as established by the evidence offered before the Corporation Commission. Thus it will be seen that ample provision has been made by which the very question sought to be determined here may be judicially determined, first, by the Corporation Commission, and if, as we have stated, complainant should feel aggrieved by the judgment of that court, then by the Supreme Court of Appeals of the state of Virginia, and finally, if there should be a constitutional question involved, by the Supreme Court of the United States.

This court cannot, in advance of the proposed action on the part of the Corporation Commission, see its way clear to determine that that body will not give complainant a fair and impartial hearing, and, as we view the matter, that is the principal question we are asked by the complainant to pass upon.

We do not wish to be understood as expressing any opinion as to the liability of the complainant under the Virginia statute. All we decide is that in view of the allegations of the bill, as well as the evidence which has been offered, we do not think that complainant, according to its own showing, is entitled at this stage of the proceedings. to injunctive relief, and its prayer, therefore, is accordingly denied.